FILED
December 03, 2009
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002261039

1  E. John Vodonick (SB#063089)
   PO Box 763
2  Nevada City, California 95959
   Telephone: (530) 478•1078
3  Facsimile: (530) 687•6304

4  Attorney for: John Bright, Roy Bright,
    John Chamorro, Rhonda Chamorro

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| VOLODYMYR DUBINSKY <br><br> and SVETLANA DUBINSKY <br><br> Debtors. | Case No. 09-27647-A07 <br><br> Chapter 7 <br><br> Docket Control No. EJV-1 <br><br> MOTION FOR RELIEF FROM AUTOMATIC STAY AND ABSTENTION |
| JOHN BRIGHT, ROY BRIGHT, JOHN CHAMORRO, RHONDA CHAMORRO <br><br> Movants, <br><br> vs. <br><br> VOLODYMYR DUBINSKY <br><br> and SVETLANA DUBINSKY <br><br> and HANK SPACONE, Chapter 7 Trustee, <br><br> Respondents. | DATE: January 4, 2010 <br> TIME: 9:00 a.m. <br> CTRM: 28 <br><br> 501 "I Street <br> Sacramento, CA 95814 |

JOHN BRIGHT, ROY BRIGHT, JOHN CHAMORRO and RHONDA CHAMORRO move

-1-

the Court for relief from the Automatic Stay provided by 11 U.S.C. § 362. This motion seeks an Order terminating the Automatic Stay of 11 U.S.C. § as to Movants, effective December 1, 2009, so that Movants may take all steps necessary under State law to complete litigation for a violation of California State Security laws filed against the debtor prior to the filing of the petition in this case all more particularly described in Exhibit "A" to the declaration of E. John Vodonick filed concurrently herewith.

This motion is brought pursuant to Local Bankruptcy Rule 4001-1 and 9014-1(f)(1) 11 U.S.C. § 362(d)(1) for "cause", upon 523 (a)(19) United States Code, 28 U.S.C. 1334; Federal Rules of Bankruptcy Procedure 4001 and due to the following:

1. The Debtors were owners and controlled Trade House (USA), Inc, dba VLD Realty; and Truxel Properties, LL . Truxel Properties, LLC has commenced a petition under chapter 7 in this court, Case No. 08-27643-A07. Movants were granted relief from the automatic stay in that case and are now litigating judicial foreclosure issues in State Court.

2. The Debtors sold investment contracts to various persons including Movants, these investment contracts have been found by the Department of Corporations to constitute that sale of unregistered securities.

3. Movants commenced an action in State Court prior to the filing of the petition in this case; Sacramento County Superior Court case 34-2008-00009850-CU-OR-GDS. A cause of action in that case is for the violation of State Security Laws.

4. The claim of Movants for the total amount of $1,440,541, 666. These amounts are due upon Movants claims for violation of State Security Laws as alleged in the State Court action and are non dischargeable pursuant to 523 (a)(19) United States Code.

5. Title 28 U.SC. § 1334 (c)(1) provides that this court may in the interests of justice, or comity with the State courts, or respect for State law, abstain from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

6. Movant's claims for violation of securities laws are solely governed by State law.

Movants also request such further relief as is just.

This Motion shall be based on these moving papers, as well as the concurrently filed Declarations of E. JOHN VODONICK, the MEMORANDUM OF POINTS AND AUTHORITIES, EXHIBITS and the RELIEF FROM STAY INFORMATION SHEET.

Any opposition to the granting of the motion shall be in writing supported by written evidence and shall be served on counsel for the Movants and filed with the Clerk by the Responding Party at the United States Bankruptcy Court, 501 "I" Street, Sacramento, CA 95814, not less than fourteen (14) calendar days preceding the noticed (or continued) date of hearing.

Any opposition shall specify whether the responding party consents to the Court's resolution of the disputed material factual issues pursuant to FRCivP 43(e) as made applicable by FRBP 9017. If the responding party does not so consent, the opposition shall include a separate statement identifying each disputed material factual issue. The separate statement shall enumerate discreetly each of he disputed material factual issues pursuant to FRCivP 43(e). Movants hereby waive the time constraints set forth in Title 11 U.S.C. § 362(e) and consents to a hearing on the within Motion beyond the thirty (30) day time limitation required under the Bankruptcy Code.

Unless written opposition and supporting evidence are timely filed with the Clerk of the Court, and served on the Moving Parties, the court may strike untimely filed written opposition and resolve the matter without oral argument or impose sanction.

DATED: /S/_____

E. John Vodonick

Attorney for Moveants